Ray T. ALLISON, Plaintiff,

v.

COSMOS STEAMSHIP CORPORATION, a foreign corporation, Defendant.

COSMOS STEAMSHIP CORPORATION, a foreign corporation, Third-Party Plaintiff,

v.

ROTHSCHILD–INTERNATIONAL STEVEDORING COMPANY, a corporation, Third-Party Defendant.

COSMOS STEAMSHIP CORPORATION, a foreign corporation, and Stuyvesant Insurance Company, a foreign corporation, Plaintiffs,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff,

v.

MARINE LUMBER SERVICE, INC., Third-Party Defendant.

Nos. 7244, 8961.

United States District Court, W. D. Washington, at Seattle.

Sept. 17, 1971.

■■■■■■■■■■■■■■■

———————◆———————

Bogle, Gates, Dobrin, Wakefield & Long, John P. Sullivan, Seattle, Wash., for plaintiffs.

Stan Pitkin, U. S. Atty., Albert E. Stephan, Asst. U. S. Atty., Seattle, Wash., John F. Meadows, Atty. in Charge West Coast Office Admiralty & Shipping Section, Allan J. Weiss, Atty. Admiralty & Shipping Section ·U. S. Dept. of Justice, San Francisco, Cal., for defendant.

## OPINION

BEEKS, District Judge.

Plaintiff shipowner (Cosmos) having been held liable without fault to a longshoreman for injuries sustained during the process of loading, and having failed to exact indemnity from the stevedore now seeks indemnity from the United States as time charterer.

The facts are set forth in Allison v. Cosmos Steamship Corp., 433 F.2d 840, (9th Cir. 1970), and will not be repeated.

Resolution of the issues between the parties involves two questions. First, is the claim of Cosmos extinguished by a release executed by the parties on July 6, 1971, the terms thereof being sufficiently broad and definite to encompass the cause of action here asserted? Second, is the government, a time charterer who non-negligently furnished the defective dunnage used in stowage, liable to Cosmos on the theory that it breached a warranty of workmanlike performance as in Italia Societa per Azioni di Navigazione v. Oregon Stevedoring Co., 376 U.S. 315, 84 S.Ct. 748, 11 L.Ed.2d 732 (1964)?

The answer to both questions is negative.

■ The indemnity claim asserted by Cosmos was not involved in the settlement negotiations which culminated in said release. It was never mentioned by either of the parties and no consideration was exchanged. The existence of the claim was known to the Government representatives negotiating the release, but unknown to the participating representatives of Cosmos. The Government deliberately concealed its existence, apparently hoping that the broad language of the release would extinguish it. For the reasons stated in United Fruit Co. v. United States, 186 F.2d 890 (1st Cir. 1951), a case very similar to the one at bar, this Court is of the view that the claim was not discharged.

■ The revolution taking place in the distribution of maritime risk has not yet saddled a time charterer with the implied warranty of workmanlike service. McNamara v. Weichsel Dampfschifffahrts AG Kiel, Germany, 339 F. 2d 475 (2nd Cir. 1964). Even so, there could be no recovery under Italia Societa per Azioni di Navigazione v. Oregon Stevedoring Co., supra, upon which Cosmos so heavily relies. The result in that case was predicated upon the placing of liability "upon the party best situated to adopt preventive measures and thereby to reduce the likelihood of injury." Id., 376 U.S. at 324, 84 S.Ct. at 754. Unlike the stevedore in that case, however, the government here was not so situated. Absent negligence or an express warranty, therefore, the government cannot be held liable. See Allison v. Cosmos, supra.

The complaint is dismissed and defendant shall recover its costs.

Defendant's counsel is directed to present findings of fact, conclusions of law and decree in accordance herewith.